NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 4 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ISMAEL SANTIAGO AGUIRRE SANCHEZ,<br><br>Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>Respondent. | No. 13-71563<br><br>Agency No. A091-691-808<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February, 24, 2016**

Before:    LEAVY, FERNANDEZ, and RAWLINSON, Circuit Judges.

Ismael Santiago Aguirre-Sanchez, a native and citizen of El Salvador,

petitions for review of the Board of Immigration Appeals' order dismissing his

appeal from an immigration judge's decision denying his application for

withholding of removal and protection under the Convention Against Torture

_____

\*        This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision
without oral argument.   *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's findings of fact. *Nagoulko v. INS*, 333 F.3d 1012, 1015 (9th Cir. 2003). We deny the petition for review.

The record does not compel the conclusion that Aguirre-Sanchez established that his past harms were committed by a group that the Salvadoran government was unable or unwilling to control. *See Castro-Perez v. Gonzales*, 409 F.3d 1069, 1072 (9th Cir. 2005 (failure to report non-governmental persecution due to belief that police would do nothing did not establish that government was unable or unwilling to control persecutors based on the record in the case); *see also Nahrvani v. Gonzales*, 399 F.3d 1148, 1154 (9th Cir. 2005) (record does not compel a contrary conclusion where "reasonable minds could differ"). We reject Aguirre-Sanchez's contention that the agency ignored his testimony in reaching its conclusion. In addition, substantial evidence supports the agency's finding that, even acknowledging Aguirre-Sanchez's heightened risk of harm, he failed to establish that it is more likely than not that he will be persecuted by gang members if returned to El Salvador. *See Lanza v. Ashcroft*, 389 F.3d 917, 934-35 (9th Cir. 2004); *see also Fakhry v. Mukasey*, 524 F.3d 1057, 1066 (9th Cir. 2008) (evidence did not compel a finding that it was more likely than not petitioner would be

13-71563

persecuted).   Thus, we deny the petition as to Aguirre-Sanchez's withholding of removal claim.

Substantial evidence also supports the agency's denial of Aguirre-Sanchez's CAT claim because he failed to establish that it is more likely than not that he would be tortured by or with the consent or acquiescence of the government if returned to El Salvador.   *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED.**